IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMION D. FLOWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2322-G-BN |
| | § | |
| ANDREW SAUL, Commissioner of | § | |
| Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Damion D. Flowers, a resident of Irving, Texas, filed a *pro se* Complaint for Review of Social Security Disability or Supplemental Security of Income Decision. *See* Dkt. No. 3. His lawsuit was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. After reviewing Flowers's complaint, the Court ordered him to show in writing that it has subject matter jurisdiction over his lawsuit. *See* Dkt. No. 4. He responded. *See* Dkt. Nos. 5 & 6. Considering the complaint and Flowers's response, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts

are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). Correspondingly, federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Because Flowers chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Flowers brings this action through a form complaint used to file a lawsuit requesting review of a social security decision. Judicial review in such cases is limited to determining whether the Commissioner of Social Security's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). But Flowers fails to identify a final decision of the Commissioner that is subject to judicial review under Section 405(g).

Applicable to this sort of suit, 42 U.S.C. § 405(h) provides:

> [1] The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. [2] No findings of fact or decision of the Commissioner of Social

> Security shall be reviewed by any person, tribunal, or governmental agency except as [provided in Section 405(g)]. [3] No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under [Title II of the Social Security Act].

*Id.* And, as the United States Court of Appeals for the Fifth Circuit recently explained,

> [t]he Supreme Court has held that § 405(h) "purports to make exclusive the judicial review method set forth in § 405(g)" for claims falling within its scope. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). It does so by two means (though the means are listed in inverse order). The third sentence strips district courts of the most obvious sources of federal jurisdiction for any claims arising under Title II of the Social Security Act. The second sentence then channels a certain class of those claims into § 405(g), which, in turn, grants jurisdiction to district courts to review final agency decisions made after a hearing. 42 U.S.C. § 405(g).

*In re Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019) (footnote omitted).

So Flowers's failure to identify a final agency decision precludes jurisdiction over this lawsuit to the extent he seeks review of a social security benefits decision. But Section 405(g)'s finality requirement

> does not preclude judicial review if a claimant asserts a colorable constitutional challenge. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986). "Merely alleging a constitutional violation or making a conclusory allegation is not enough; the claimant must have a colorable constitutional claim." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

*Weeks v. Berryhill*, 694 F. App'x 340, 342 (5th Cir. 2017) (per curiam).

Flowers does not appear to raise constitutional concerns, much less make colorable constitutional claims. And, to the extent that he brings tort-like claims, the Federal Tort Claim Act precludes tort suits against the Social Security Administration,

as an agency of the United States. *See, e.g., Joseph v. Soc. Sec. Admin.*, CV 16-3377 (JFB) (GRB), 2017 WL 1067804, at \*5-\*6 (E.D.N.Y. Feb. 28, 2017), *rec. adopted*, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017).

Further, if he has sued the Commissioner in his official capacity – as Flowers does not allege that the Commissioner, individually, has harmed him[1] – "a civil rights action against the United States is barred by sovereign immunity," and an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "only supports a claim against government officers in their individual capacities," *Thomas v. Colvin*, Civ. A. No. 15-0026, 2016 WL 1020749, at \*8 (W.D. La. Feb. 2, 2016) (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)), *rec. accepted*, 2016 WL 1057455 (W.D. La. Mar. 14, 2016).[2]

Flowers's complaint thus fails to show that the Court possesses subject matter jurisdiction over his claims. And his written responses to the Court's order concerning subject matter jurisdiction do not alter this conclusion. The Court should therefore dismiss this action without prejudice for lack of subject matter jurisdiction.

---

[1] *See Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam) (because, in this circuit, "[a] person's capacity need not be pled except to the extent to show jurisdiction of the court," "[t]he allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action"(citing FED. R. CIV. P. 9(a)).

[2] *See also Quansah v. Comm'r, Soc. Sec. & Disability Admin.*, No. 5:13-cv-05940 EJD, 2014 WL 2214035, at \*4 (N.D. Cal. May 28, 2014) (A *Bivens* action"may not lie for administrative violations of the Social Security Act because 'Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration.'" (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423-25 (1988))).

### Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE